**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 16a0444n.06**

No. 15-6007

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| SHEILA WHITMORE; ANTHONY WHITMORE, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| GREEN TREE SERVICING, LLC, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

---

**BEFORE: WHITE and STRANCH, Circuit Judges; and MICHELSON, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.** Sheila and Anthony Whitmore appeal the dismissal of their claims against Green Tree Servicing, LLC, challenging Green Tree's right to foreclose the deed of trust on their property. On appeal, the Whitmores argue that their proposed amended complaint is not futile because it plausibly alleges that Green Tree is not the holder or transferee of the relevant promissory note, and thus was not entitled to enforce the note or foreclose on their property. The Whitmores also challenge the district court's denial of their motion to alter or amend judgment and a joint motion to stay the proceedings. We **AFFIRM**.

**I.**

In June 2003, Sheila Whitmore executed a promissory note ("the Note") to National Bank of Commerce to repay a loan pertaining to property located at 4943 Sagewood Drive, Memphis, Tennessee ("the Property"). The Note was secured by a deed of trust executed by the

---

[*] The Honorable Laurie J. Michelson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Whitmores, listing National Bank of Commerce as the lender and D.M. Grisham as trustee ("the Deed of Trust"). The Deed of Trust states:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer . . . .

R. 3-1: Deed of Trust, PID 34. The Deed of Trust was recorded and then assigned by National Bank of Commerce to RBMG, Inc. ("RBMG"). The assignment was recorded in June 2003. The Deed of Trust was assigned several more times: in June 2007, from Netbank, as successor in interest to RBMG, to Mortgage Electronic Registration Systems, Inc. ("MERS"); in November 2010, from MERS to EverBank; and, in May 2014, from EverBank to Green Tree. Each of these assignments was recorded.

There are three endorsements on the last page of the Note, all of which are undated. One endorsement says "[p]ay to the order of RBMG, Inc.," without recourse, and is signed by JoAnn Morcombe. This endorsement, however, is stamped with "Canceled Endorsement." Another endorsement is a very faint stamp that says "[p]ay to the order of RBMG, Inc.," without recourse. Below that are Cindi Callaham's signature, her printed name, and the title of "Senior Vice President." Below Callaham's title, "National Bank of Commerce" is handwritten. The third endorsement is also a very faint stamp, which also contains Cindi Callaham's signature. This stamp lists Callaham's title as Senior Vice President of RBMG. This endorsement is made in blank, meaning that the payee line is left blank. R. 17-1: Note, PID 124.

The Property was sold by Green Tree at a foreclosure sale. The purchaser at the foreclosure sale filed for a forcible entry and detainer warrant. That action was stayed, and this action followed.

The Whitmores' original complaint, filed in Tennessee state court, alleges wrongful foreclosure and negligent misrepresentation; it seeks injunctive and declaratory relief, as well as damages. The gravamen of the Whitmores' complaint is that the Deed of Trust was not properly assigned to Green Tree, and therefore Green Tree had no right to foreclose on the Property or collect payments under the Note. Green Tree removed the case to the Western District of Tennessee and filed a motion to dismiss for failure to state a claim. Green Tree argued that the Whitmores' assertion that the Deed of Trust was not properly assigned to Green Tree is contradicted by the public record, and attached to its motion the assignments of the Deed of Trust described above.

The Whitmores then filed a response to the motion to dismiss and a motion for leave to amend the complaint. In their response to Green Tree's motion to dismiss, although the Whitmores stated without explanation that the assignments "are faulty," they recognized that their factual allegation that Green Tree was never assigned the Deed of Trust was erroneous, and they requested that the motion to dismiss be denied as moot and that their motion for leave to amend the complaint be granted. R. 16: Resp. to Mot. to Dismiss, PID 108-09. The Whitmores' proposed amended complaint alleges that Green Tree does not have the authority to enforce the Note or foreclose on the Property because it is not the holder or transferee of the Note. On that basis, the proposed amended complaint asserts claims against Green Tree for wrongful foreclosure, negligent misrepresentation, injunctive relief under a theory of equitable estoppel, and a declaratory judgment. Green Tree responded, arguing that the Whitmores' proposed

amended complaint is futile because Green Tree is in possession of the Note bearing a blank endorsement, and is therefore entitled to enforce the Note and foreclose on the Property.

The district court granted Green Tree's motion to dismiss and denied the Whitmores' motion for leave to amend. In granting Green Tree's motion to dismiss, the district court found that the Whitmores' unsupported assertion that the assignments are faulty is insufficient to withstand a motion to dismiss their original complaint. In denying the motion for leave to amend, the district court reasoned that there is no requirement that endorsements be dated; the endorsements are not illegible as the Whitmores claim; and there is no requirement that the endorser explicitly identify the purpose of an endorsement. The district court also found that the Whitmores' equitable-estoppel claim is insufficient because they failed to plead detrimental and justifiable reliance. Accordingly, the district court found that the Whitmores' proposed amended complaint would be futile and denied their motion for leave to amend. The district court also denied as moot the parties' joint motion for a stay pending resolution of the motion to dismiss and motion for leave to amend.

The Whitmores then filed a motion to alter or amend the judgment under Rule 59, arguing that the district court clearly erred in its disposition of the case, and that they had obtained newly discovered evidence that supported their claims. As to their latter argument, the Whitmores asserted that they had obtained an affidavit from Callaham and a copy of the Note as it existed in 2011, both of which supported their claim that the endorsements are invalid. However, the Whitmores did not attach either the Callaham affidavit or the copy of the unendorsed Note to their motion. Finding that the Whitmores had not demonstrated that it had erred in its disposition of their case, the district court denied their motion to alter or amend the judgment. The district court rejected the Whitmores' newly discovered evidence argument

because they had failed "to describe, in any way, what this newly discovered evidence is or how it supports [their] assertion," and their new evidence was not "newly discovered" for purposes of a Rule 59 motion because the evidence was previously available. R. 27: Order, PID 167-68.

The Whitmores appeal the denial of their motion for leave to amend, the joint motion to stay, and their motion to alter or amend the judgment.[1]

## II.

Typically, we review a denial of a motion for leave to amend the complaint for an abuse of discretion. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). But when the district court denies the motion because amendment would be futile, as here, we review de novo whether the proposed amended complaint "contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir.2014)).

The proposed amended complaint alleges that Green Tree is not a holder or transferee of the Note and therefore has no right to enforce the terms of the Note or foreclose on the Property. In support, the Whitmores allege that there is no way to determine when the Note was negotiated or transferred because some of the purported endorsements are illegible and none of the purported endorsements are dated; thus, the information is insufficient to determine the purpose of the purported endorsements. In addition, the Whitmores assert that the purported Callaham endorsements are contradictory because they were allegedly made by two different companies yet are signed by the same individual. With the exception of an equitable-estoppel claim, addressed separately below, Green Tree argues that the Whitmores' proposed amended

---

[1] Although the Whitmores state in their brief at several points that their complaint should not have been dismissed, they only discuss and cite to their proposed amended complaint. We therefore construe their appeal as challenging the district court's denial of their motion for leave to amend.

complaint is futile because the record establishes that Green Tree is the holder of the Note and entitled to enforce it.

The parties agree that the Note is a negotiable instrument governed by Article 3 of the Tennessee Uniform Commercial Code ("TUCC"). The TUCC provides that a negotiable instrument may be enforced by "the holder of the instrument," among others. Tenn. Code § 47-3-301. A holder is the person "[i]n possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *Id.* § 47-1-201(b)(21)(A). If the holder makes an endorsement that "identifies a person to whom it makes the instrument payable, it is a 'special endorsement.' When specially endorsed, an instrument becomes payable to the identified person and may be negotiated[2] only by the endorsement of that person." *Id.* § 47-3-205(a). If an endorsement by the holder does not identify a person to whom the instrument is made payable, it is a "blank endorsement." *Id.* § 47-3-205(b). "When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed." *Id.*

Applying the above statutes, the district court found that the claims premised on Green Tree not being the holder or transferee of the Note are futile because the Whitmores' allegations are insufficient to establish that the endorsements on the Note are invalid. We agree.

First, although the two Callaham endorsements on the Note are faint, they appear to say exactly what Green Tree asserts, and the Whitmores have not plausibly alleged anything to the contrary. Second, we agree with Green Tree and the district court that the absence of a date does not invalidate an endorsement, as nothing in the statute requires that an endorsement be dated to

---

[2] "'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." Tenn. Code § 47-3-201(a).

be effective. *See* Tenn. Code § 47-3-204(a) (defining endorsement). Third, although, as the Whitmores point out, it is not possible to determine in what order the signatures on the Note were made from the Note itself, the recorded assignments of the Deed of Trust, which is tied to the Note, shows that Green Tree is the assignee of the Deed of Trust. The endorsements on the Note are consistent with the assignments of the Deed of Trust in that they show a special endorsement to RBMG by NBC, and a blank endorsement by RBMG, meaning Green Tree is now the holder of the Note because it is in possession of the Note.[3] *See id.* § 47-3-205(b). The Whitmores' assertion that Green Tree is not the holder of the Note is simply not plausible, even when viewed in the light most favorable to them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))).

The Whitmores also argue that the endorsements are invalid because they do not identify the purpose for the endorsements. The district court properly rejected this argument. All of the endorsements say "[p]ay to the order of," "[w]ithout [r]ecourse," a specific entity or contain a blank payee line. They also contain a signature, title of the signatory, and the name of the endorsing entity. Nothing more is required to constitute a valid endorsement. *See* Tenn. Code § 47-3-204(a) (providing that "a signature . . . alone or accompanied by other words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement"). Accordingly, all of the Whitmores' claims premised on Green Tree not being the holder of the Note are futile.

---

[3] Green Tree attached the Note to its response to its motion to amend the complaint, and the Whitmores do not dispute that Green Tree has possession of the Note.

The Whitmores' proposed amended complaint also alleges equitable estoppel based on two misrepresentations: (1) that Green Tree misrepresented that it could enforce the Note; and (2) that Green Tree represented that it was reviewing Sheila Whitmore's loan-modification application, when in actuality Green Tree was processing the foreclosure of the Property. Based on our discussion above, the claim based on the first misrepresentation is futile. Regarding the second alleged misrepresentation, the district court found that the proposed amended complaint does not adequately plead detrimental reliance, an essential element of an equitable-estoppel claim. *See Arthur v. Lake Tansi Vill., Inc.*, 590 S.W.2d 923, 930 (Tenn. 1979). On appeal, the Whitmores do not attempt to explain how they detrimentally relied on this second alleged misrepresentation; instead, they focus only on the first alleged misrepresentation. Accordingly, we affirm the district court's conclusion that the Whitmores' proposed amended complaint does not adequately allege that they detrimentally relied on Green Tree's representation that it was reviewing Sheila Whitmore's loan-modification application. *See United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996))). Accordingly, the district court properly denied the Whitmores' motion for leave to amend.

The Whitmores also argue that the district court erred in denying their motion to alter or amend judgment, which we review for abuse of discretion. *See Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015), *petition for cert. filed* (May 23, 2016) (No. 15-1419). The Whitmores' argument is based on their purported acquisition of an affidavit from Cindi Callaham and a copy of the Note as it existed in 2011, both of which they assert support their argument that the Note was not properly endorsed to Green Tree. However, the Whitmores

failed to attach this new evidence for the district court to consider,[4] and failed to explain why this evidence was not discovered until after entry of judgment. The district court was within its discretion to deny the motion, made after the entry of judgment, based on these unsupported allegations. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616-17 (6th Cir. 2010).

Finally, the Whitmores argue that the district court abused its discretion when it denied as moot the parties' joint motion to stay. We review a district court's decision denying a motion to stay for abuse of discretion. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). The Whitmores argue that the motion to stay was made to allow the parties to conduct settlement negotiations, and therefore the district court's denial of such a motion without explanation constitutes an abuse of discretion. Although the motion mentioned in passing that the requested stay "would permit the parties time to attempt to amicably resolve" the case, the motion only requested that the district court "stay[] the trial date and all Scheduling Order deadlines in this matter pending resolution of Defendant Green Tree Servicing's Motion to Dismiss and Plaintiff's [sic] Motion to Amend and the briefing thereto." R. 19: Mot. to Stay, PID 128-29 (internal citations omitted). Thus, the district court did not abuse it discretion when it denied the motion as moot upon resolution of Green Tree's motion to dismiss and the Whitmores' motion for leave to amend.

## III.

For these reasons, we **AFFIRM**.

---

[4] The Whitmores also did not further elaborate on this evidence on appeal.